$323,0139 to the people of the State of Illinois, a comment by Garson Fisher v. Arsalan Tariq, a comment by Jordan Toledo. Counsel, you may proceed. Thank you. Good morning, Your Honors. Counselor. May it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honors, the Circuit Court here erred in granting claimant's motion to dismiss because it did so with complete disregard for the plain language of the money-laundering statute. That statute clearly sets out the procedures that are to be followed in a case such as this one. Now, as an initial matter, there are pleading requirements that are placed on the parties. The people have to file a proper forfeiture complaint, and then anyone who wants to assert an interest in the property has to file an answer that is signed on penalty of perjury and alleges under the statute certain specific facts, including things like the date, the identity of the transfer, and the circumstances under which he came to possess the property. And in a case like this one that involves cash, the basis for the assertion that the cash is not factually related to the alleged criminal conduct. Moreover, he has to plead all of the essential facts necessary to support those assertions. That didn't happen here. Claimant's pleading asserted generally and conclusively that the property had been acquired between 2019 and 2022 from various business partners. So it did not comply with the requirements laid out in the statute for a proper answer to qualify as a claimant under the money-laundering statute. Now, the Circuit Court couldn't grant the motion to dismiss for that reason alone, and indeed based on the defective initial pleading by the claimant, which didn't comply with the requirements of the statute. Indeed, the court should have granted— No, we're not talking about the claim requirements, because there's two steps here. Right. So the people filed a forfeiture complaint and met their probable cause burden, right? So at that point, under the statute, we get into this sort of burden-shifting regime that the statute lays out. The first step is this pleading requirement that anyone who wants to assert an interest in the property— That's a claim, right? The complainant's claim, yes. I guess I'm trying to distinguish between the complaint and the complainant's—excuse me, the claimant's claim. Yeah, we've only got claimants. Yeah, yeah, I'm sorry. I may be saying complainant accidentally when I mean to be saying claimant. But the point being that he didn't satisfy his pleading requirements under the statute, right? And at that point, the people filed a motion for default judgment because there was no proper claimant— God, at that time—participating in the proceedings. The people also had a right to request a hearing under the statute at which the claimant has to prove, by a preponderance of the evidence, that he has a legitimate and lawful interest in the property and that the property came from a lawful source. The people filed a request for that hearing, and that hearing also never happened. Well, they filed a motion. They filed a motion for the hearing. It's not a request. It's a motion. Yes. Because now we're in a complaint-and-answer situation, are we not? We are. So there are two steps missed already at this point. One is that there is no claimant who has filed an answer that complies with the requirements of the statute. The second is that the people have filed a motion under 29B.13.5 to request the hearing to which they're entitled, as it says in the statute, first, at which the burden passes over to the claimant to prove, by a preponderance of the evidence, his legitimate and lawful interest in the property. You know, this statute is very complex because it's brought under money laundering as opposed to the other statutes that have forfeiture. So we're in civil asset forfeiture. The state has, through the prosecutors, taken possession of this property. Okay. And the claimant has to first do something, right? Once that's, has to do what? Has to file a claim. There's no complaint here. Yes. I believe I said complaint, and I meant claim, Your Honor. Okay. Yes. And the statute lays out in Section 13.6 certain things that have to be pled, signed on penalty of perjury in that claim. This claim was not brought under penalty of perjury, correct? It was not, Your Honor. And that was also pointed out in the default judgment motion. We're talking about, I was talking about the first step. He has to file a claim. Am I correct? Well, he has to file a claim. So as you know, this is brought under the money laundering statute. So we're outside of sort of the more common sort of common law drug asset forfeiture kind of situations. The back and forth, as I understand it from reading the statute, is that the first step is that the people file a forfeiture complaint. They have to meet the probable cause standard. Then anyone who wants to assert a claim files that claim. A claim. A claim. But then they have, in order to participate as a claimant, they have to file an answer that asserts certain specific information. That's where the deficient, the first set of deficiencies arise. Then even assuming we've got two parties properly on the field, we get into this burden shifting. Excuse me. When you said the first set of deficiencies, the first one being the failure to have it under perjury, the second was the issue about how the money was acquired through a non-criminal act. Well, what I meant was writ large that that pleading was deficient. There are several deficiencies with that pleading. As you note, as an initial matter, it was not signed under penalty of perjury. It also did not allege the date, the identity of the transfers, or the circumstances under which the property was acquired. It did not assert, as required in a case like this one involving cash, the factual basis for asserting that the cash was not connected to the alleged criminal activity. It did not plead all of the essential facts necessary to support the assertions. For a variety of reasons, that pleading was deficient. That was the argument that the people made in the default judgment motion. They filed at the same time. Counsel, I'm kind of curious about that. Because in every other context, when someone files a defective pleading or claim, you don't go straight to a motion for default judgment. You file a motion to dismiss. Why is that not the case here? Well, because of the way the statute is structured and the way that the procedures flow under this statute. So once the people have filed a valid forfeiture complaint and have met their probable cause determination, if we then fast-forward through the back-and-forth proceedings, let's say you had a claimant who answered with all the necessary information. You had the hearing. They proved by a preponderance of the evidence that they had a lawful claim. And then we proceeded to the MRN proceedings on the actual forfeiture. At that point, the first step is that the people have to prove, meet their burden of proof, that the property is subject to forfeiture. We then go back over to the claimant who can prove that it's not, who can attempt to prove by a preponderance of the evidence that's not related. And then it comes back to the state who gets to try to overcome their burden again and show that it is subject to forfeiture. If you look at Section 10 of, I believe it's 29B-10, what happens, depending on how that proceeding plays out, if the state fails to meet its burden but there is no claimant who has met his burden, that property is still forfeited to the state. So if you look at the statute as a whole, if you don't have a claimant who can satisfy his burden of showing a legitimate lawful interest in the property, then the same result is going to come out, which is the property is forfeited to the state at that point under the statute. So that's why without a proper claimant involved in proceedings, and the claimant here had not pled the things in his answer that he needed to be a claimant under the statute, there was no possible outcome except for turning the property over to the state. And that's why a default judgment was the proper result at that point. But we don't have to resolve the case that way because the state also never got the hearing where the burden was placed on the claimant to prove his lawful interest by a preponderance of the evidence as required under 29B-13-5. Instead, we had a suppression hearing, which, to be sure, the court held that the evidence was subject to suppression. But we know that that's not dispositive because the Supreme Court repeatedly held that just because property is subject to suppression doesn't mean it can't be subject to forfeiture as well. And as the court said in Moore, the question of whether the state's entitled to use the property as evidence is wholly separate from the question of whether a claimant is entitled to retrieve the property from the state via legitimate interest. Well, one's criminal, one's civil proceeding. One's criminal, one's civil. And put differently, the question of how the people came into possession of the property, even if it's by way of a search that violated the Fourth Amendment, doesn't say anything about the question of how claimants came into possession of the property, which was the issue that was before the court at that point. Well, what about the issue that we have now we know what base we stopped at? What about the arguments of your opponent that this has been forfeited, it's a waiver? I mean, you're out of time. Well, so to be sure, typically speaking, the burden is on a party to get a hearing on any motion they file. But that's not the case if the circumstances— Well, is that really true when you look at the statute? The state filed the motion. I don't think it's true in this case, Your Honor. Not in this case, statutorily. It says upon the motion the court shall first hold a hearing. Right, and that's part of the reason why, Your Honor. So I'm simply referring to, at Your Honor's invitation, I want to engage directly with the argument that my opponent has made here, which is the Supreme Court has very recently put it in those terms, that the burden is on a party to ensure it gets a hearing on any motion it files. The circumstances here, though, demonstrate that the people didn't abandon their motion. They were entitled to this motion under, as you note, the plain language of the statute. First, they filed the motion to have that hearing. And the whole point is that the Supreme Court here didn't follow the procedures that are required by the statute. It jumped way ahead in the process. And the people repeatedly, both in their response of pleading to the motion to dismiss and in oral argument on the motion, pointed out to the court that the proper question that was in front of it at this point was whether the claimant could prove a lawful interest in the property. So I think looking both at the plain language of the statute and the way things are supposed to work here and at the circumstances surrounding the people's arguments in response to the motion to dismiss, the motions they filed, their argument in open court during the hearing on the motion to dismiss, the circumstances demonstrate that the people did not abandon their argument that claimant had never met his burden of proving a lawful interest in the property. And just as an aside, and this isn't something we argued in our brief, but I'm not actually sure, looking at the statute as written, that the court would have authority to do what it did here and dismiss the proceedings and return the property to this claimant even in the absence of the state's repeated insistence that that claimant meet his burden because he hasn't established a legitimate interest in this property. Well, I have a question, and correct me, and I'm probably wrong on this, but what did the state do in acquiescence? Didn't they have an agreed order to set a date for a hearing on your opponent's motions? Well, and that would be the argument that the reason why typically a party is considered to have abandoned its own motions if it agrees to proceed on another party's motion is because it's acquiesced to proceed in that way. But here, again, the people in their response, in their response to pleadings, kept asserting that you're answering the wrong question here. And we filed this motion, and we asked for this hearing, and the issue that's before you right now is whether he can assert his lawful interest in the property. Do we have any reason why they didn't, after a request for that motion at the beginning, before the motions were dismissed? Well, they did request that motion. So the timing of the pleadings in the trial court are a little, well, are muddled. They don't follow the order that the statute would seem to suggest they should follow. But the motion for the hearing was filed before the renewed motion to dismiss that was actually heard. Well, the motions were in proper order, but the calling up to have them heard and ruled on was not. So I think the errors, I think the confusion and court's error stemmed from two things. One is, once it held that the- Just finish up your- Sure. Essentially, my opponent's argument that the court agreed with is that because this property was seized via an illegal search from a vehicle in which he was a passenger, that he's entitled to get the property back. And that's the argument that the court seemed to buy, and it's clearly not the procedure or the standard that the statute weighs out. And so for that reason, we ask that this court vacate that judgment and remand for further proceedings. Any questions? No. Thank you. Thank you, counsel. We have time in reply. Thank you. Counsel, you may respond. Thank you. Counsel, members of the court, may it please the court, my name is Jordan Killian, and I am here on behalf of Klayman and Epeli, Arsalan Tariq. I just want to say overall, substantively in this case, I think the state is trying to misuse this 13-5 subsection, which is the lawful interest portion, and they're trying not to have that be used as basically a gatekeeping function to keep out frivolous claims for money, but they're trying to have that swallow whole the ultimate issue of whether or not the money should be forfeited or not. And I think there's not really that much case law out there as to what that hearing would entail if there was a hearing on that. But I don't think that this court needs to get there procedurally. And I want to talk about that because I think the state, you know, it does mean something to do something by agreement or over objection. And here everything is by agreement. And Justice Holdredge, I want to say, you know, I don't think the motions here were in an incorrect order. They filed their motion to establish a lawful interest. We filed our motion to suppress. We also, in conjunction with the default motion, suggested that ours should go first. Now, I know the statutory language says this shall first be heard, but the statutory language doesn't touch upon a constitutional claim for a motion to suppress. That's not in the statute. And the claim was filed at what point in connection with the motion for default, the motion for suppression? So, and I'm going to try to get the dates exactly right, but I will get the timeline right. They filed their complaint. We filed a claim. Now, I know they're saying that it wasn't under penalty of perjury. I would somewhat dispute that. I think it gets really close to complying when it says this is sworn under oath and is true and accurate to the best of my knowledge and belief. It doesn't say specifically the word perjury. But, again, that's why you should maybe forfeit those motions when you don't actually raise them and argue them in court. We would have theoretically argued that that's substantially complied. If the court didn't agree with us, we could have had the opportunity to address that or correct that at that time. So continue on with the timeline. With the timeline. So we filed our initial claim in May. We filed a motion to suppress and two motions to dismiss shortly thereafter. Then we filed a more comprehensive answer that went through each allegation that the state had in their complaint, and we filed an answer to that as well. After all those had been filed, the state filed a default motion after that. We filed a response to default motion saying this shouldn't be granted. We've more than substantially complied. It also cited in that motion copious amounts of bank records that we had supplied to the state. Basically saying, hey, I don't know where you're going with this motion for default. And we said these other motions should be heard first because they could be dispositive of the entire case. And did you notice up your claim for hearing? That had not been noticed at first because we requested a hearing on our motion to suppress evidence. Prior to the claim hearing that you wanted. Correct. I think I'm understanding that, and I believe that's correct. But the state acquiesced to that. They said, okay, we will hear your motion to suppress first. And that should mean something. Again, this 13 subsection 5 of lawful interest, I suggest to this court that that is a gatekeeping function to keep out people who have completely frivolous claims on money. I would suggest it's people saying, hey, I inherited that money, and I'm the long-lost cousin. And the state can quickly weed out claims by saying, hold on, prove by the preponderance that you actually have a claim to this money. It's not, as they argued to the trial court, a time where they can hold the claimant to prove that it's, quote-unquote, not derivative contraband. Because if it was a function of that subsection that a claimant would have to not only prove that they have a claim to the money, but that it's not derivative contraband, once they establish that, what are we even doing there? Why do we even go to an in-rem hearing after that where the state has the ultimate burden to prove that it's subject to forfeiture? So I don't know exactly where to draw that line, but I would suggest that the 13 subsection 5 hearing would be a lesser burden than the ultimate in-rem hearing. But again, I don't think this court needs to get there because the state, once they filed that, didn't go forward on it and instead agreed to hear a motion to suppress. Now again, 13.5 section determines who can file a claim. Who has a seat at this table here? And why, if the state's position is that we shouldn't have a seat at the table, why are they entertaining a suppression hearing that was two days evidentiary, a third-day argument, a fourth-day ruling? Or it might be one less day than that. But a fairly lengthy suppression argument where they suppressed all the evidence. They're not even contesting that. Does it make a difference under Wilson? Under Wilson? I'm not sure exactly what Your Honor's referring to with that. Well, suppression hearing goes with criminal action, doesn't it? Well, no, the suppression, the exclusionary rule applies in civil asset forfeitures as well. And so what I would suggest is that if they were serious about 13.5 and that were not a proper claimant, that they shouldn't acquiesce to hearing a motion to suppress at the behest of someone they're claiming isn't a proper claimant. And even today, they are contesting the ruling on a motion to suppress, which I think if a person's not a proper claimant, didn't have proper standing, that you start there. Why did we even entertain this hearing? Why did we even entertain the motion to suppress? The motion to suppress should be reversed because this person shouldn't even have been a party to this case. So it's unethical to the 13.5 motion that they filed, but then they never pursued. So I think that right there, again, it's important, again, by agreement versus contesting it is important because we could have developed these arguments at the trial court. But when you just say, okay, by agreement, we'll hear yours first, and then we hear it, and it gets granted, and you never object to that granting of that motion, these arguments aren't developed. And they're now brought up at the appellate court saying, well, the judge should have given us this hearing. He erred in not giving us the hearing. And I also want to say that it is discretionary by this government to even file that motion in the first place. So when the government files that motion and then agrees to hear the motion to suppress first, why would the judge give them a hearing on something that they had discretion to file with in the first place? And how is it an error not to give them that hearing when they agree to something different? So I believe that forfeiture is right on the head there. The judge never denied them a hearing. They never requested a hearing on that. And the only time they really brought that up after the fact was to say to basically instead of using it as a gatekeeping function, they were basically trying to use that to shut the barn doors after the horses had bolted when the judge had granted the motion to suppress. And they said, well, we filed this motion. And I want to go back to that timeline. After he granted the motion to suppress, the state served on claiming a bunch of interrogatories and then went back to the judge and said, well, he needs to answer these interrogatories and it's his burden to prove that this money is not derivative contraband. None of that is in the statute. None of that is supported by case law. Well, the interrogatories were to determine how the asset was acquired. Correct. Okay. Correct. But the problem is you are asking interrogatories of evidence, the substance of which was suppressed. And objections were filed by you to that discovery request? We objected personally to it. We sent a response to them saying, because this is suppressed, this case is now over, and we filed a motion to dismiss. And that was all established in the motion to dismiss, that we refused to answer those because the substance of what they were asking for had already been suppressed from evidence. One other issue that counsel for the government brought up was that there's this burden-shifting mechanism once there's probable cause found. I don't know how much I went into this in my appellee brief. It was briefed below. The preliminary review hearing is not a burden-shifting mechanism.  The preliminary review hearing is whether or not the state has the ability to hold on to the evidence during the course of the forfeiture. At no point does the burden shift because the judge said probable cause. It's probable cause to hold that money while the case proceeds. It does not shift the burden. The state remains having the ultimate burden in the interim proceeding. So that's, it's a misconstruing of the statute when we talk about there's a burden shift at the preliminary review stage. And what is the burden on the state in that interim hearing? They have the initial burden of, and I don't want to, I might screw this up now, I apologize. But they have the initial burden, I believe it's by probable cause. Well, actually, I am messing this up. And because the burden changes, actually, depending on whether or not there's been a conviction in a collateral criminal case or if there's been a finding of not guilty. I believe in a case like this where there was no criminal charges ever found, I believe the initial burden is on the state. And then there's a rebuttal by the claimant. And then if they've met their rebuttal, the state has to overcome by a preponderance of the evidence, I believe. And I believe if there's a not guilty verdict in a collateral case, the state's final burden is by clearing convincing. With that said, I mean, again, substantively, I think this could be an interesting case because there's interesting issues here. Specifically with this Section 13-5, what would actually have to be proved at that hearing? I did a lot of research on this. I could not find much case law on what is actually done during that hearing. How much a court wants to see somebody prove their lawful interest. I think that's an interesting issue because I think here the state is trying to overflex its muscles and basically have that, again, what I believe is a gatekeeping statute, just completely swallow up the in-run statute. If we went along with what the state is suggesting 13-5 does, if the claimant met their burden at a 13-5 hearing, there would be no need for an in-run hearing. What is the analogy of a 13-5 hearing, a preliminary hearing and a felony, really? I mean, is that what they're trying to do? The 13-5 hearing. In drafting this statute section. That's what I would say. I'm sorry, when I'm mentioning the 13-5 hearing, I am talking about when the state files its motion for a claimant to establish its interest, which I guess I consider... That's the preliminary hearing, right? I would consider the preliminary review portion, like the preliminary hearing, that's basically very low threshold. I would consider... That's true in a felony and preliminary hearing. I absolutely agree. And I would agree... I mean, to that extent, I would agree with you that 13-5, and again, I can't find case law on it, but I would think that it is a very brief, low-standard hearing. Now, it's preponderance of the evidence, but I think the claimant just has to give some facially acceptable evidence to show that they have a legitimate legal claim on the money. If it goes beyond that, again, it would be an absurd result for the statute because there would be no reason to do an eventual interim hearing. If you have to prove by a preponderance that you would ultimately win the hearing just to have a seat at the table at the hearing, that would be absurd. And I think that's what the state's trying to do with this statute. And again, I think that that will be developed in the future. I don't think we need to get there here in this case because they forfeited their arguments when they didn't demand a hearing. The lower court, I think, should have had the ability to hear arguments as to why he should have heard that first. I would argue that the motion to suppress should come first because the Constitution takes priority over the statute, and whether or not there is a legally seized evidence should control what evidence comes into any further hearing. So I don't think it was necessarily wrong, but procedurally, I don't think we get there. Any questions? Thank you. No questions. Thank you, counsel. Thank you very much. Thank you, Your Honors. I just want to make a couple of quick points. As an initial matter, I don't think there was anything wrong with having a suppression hearing before the other proceedings in the forfeiture proceeding because, as noted and as the Supreme Court has held them more, they simply ask different questions. Even though the suppression outcome is relevant as to the admissibility of evidence here, it doesn't change the fact that it doesn't answer the ultimate question of whether a claimant has a lawful legitimate interest in the property. I want to turn to the plain language of the statute here because I feel like we have gotten away, and perhaps partially due to the way that things transpired below, from the plain language of the statute because I don't think, for example, 29B.13.5 is at all ambiguous. The language is perfectly clear. It says that upon motion of the state, the court shall first hold a hearing in which a claimant has to establish, by a preponderance of the evidence, that he or she has a lawful legitimate ownership interest in the property and that it was obtained through a lawful source. We don't have to guess about how a 13.5 hearing should proceed. The statute tells us in plain, unambiguous language exactly what a claimant has to show at that hearing, exactly what the evidentiary burden on him is. I also think it's important to look at the plain language of the statute to understand the burden shifting that I was talking about earlier. If we look at 29B.13.9, it explains what the judicial in rem proceeding would look like. And it says, in the state's case in chief, the state shall show, by a preponderance of the evidence, that the property is subject to forfeiture. At that point, the burden shifts. If the state makes that showing, the claimant shall have the burden of production to set forth evidence that the property is not related to the alleged factual basis of the forfeiture. And then the burden shifts again and says, the state shall maintain the burden of proof to overcome this assertion. So we do know there is a burden shifting involved here. And we know from Section 10 that even if the state, again, I'll rely on the actual language of the statute because I don't want to depart from this plain language. If the state does not meet its burden to show the property subject to forfeiture, so in this case the state has not met its burden, the court orders the interest in the property returned or conveyed to the claimant and orders all other property forfeited to the state. So it's clear that the burden placed on the claimant in both 13.5 and in 13.9 is not just serving a gatekeeping function, that in order to have property returned to him, a claimant has to meet a certain evidentiary burden. And under the plain language of the statute in Section 13.5, it says that the court shall conduct a hearing if the state files a motion. If the state filed that motion here, the court did not conduct that hearing. So this is just an application of plain, unambiguous statutory language. We're not making any argument about how things will play out if the proper procedures are followed, whether, you know, who's going to be able to meet their burden, and as the burden moves back and forth, what the eventual outcome will be here. All we're saying is that it is not enough to say, well, the property was seized via an illegal search from a vehicle that I was riding in, so I get that property back when the plain language of the statute tells us the procedures that are actually supposed to be followed to determine whether the property is subject to forfeiture or should be handed back to the claimant or should be forfeited to the state. And that's why we're asking that the court vacate the judgment granting the motion to dismiss and simply remand for proceedings in compliance with the plain language of the statute and the procedures it sets forth. Unless the court has any further questions. Thank you, Your Honors. Well, thank you, counsel, both, for your arguments in this matter this morning. It will be taken under advisement. The written dispositions shall issue.